# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KEVIN BOND, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PRIMECARE MEDICAL, | : | No. 11-1046 |
| Defendant. | : | |

## MEMORANDUM

Schiller, J.    May 9, 2011

Pro se Plaintiff Kevin Bond, a Berks County Prison inmate, seeks compensation for his wait for medical care following a fall in his cell. Defendant PrimeCare Medical ("PrimeCare") moves to dismiss Bond's claim both for failure to exhaust administrative remedies and on the merits. The Court will grant the motion for the following reasons.

## I. BACKGROUND

On January 16, 2011, Bond blacked out in his cell. (Compl. 4.) He fell, hitting his head and neck. Other inmates alerted a corrections officer who called for medical assistance. (*Id*.)

Despite Bond's request for a wheelchair, a member of the prison's medical staff told Bond to stand up, walk out of his cell, and go to the prison day room. Bond then had to wait until a prison official finished giving other inmates medication. Though Bond was in pain, the medical staff only took his blood pressure. Bond asked to see a doctor, but the "block officer" instead returned him to his cell. (*Id*.)

Bond submitted a grievance form in accordance with the prison's inmate handbook. (*Id*. at 3.) He states that no additional review is available, except perhaps for a direct appeal to the warden.

He submitted his grievance to the unit supervisor, the treatment department, and the warden on January 18, 2011. He also put in a "sick call slip" on that date. (*Id*.)

Bond states that the prison responded to his sick call slip. He received no further treatment, however, beyond having his blood pressure taken a second time. No one from the medical department examined his head or back. (*Id*.)

Bond filed this action under 42 U.S.C. § 1983. He seek damages "because of the above parties [referenced in his Complaint], $15,000 each." Although Bond's Complaint refers to the prison warden, "Lieutenant Castro," and various unidentified medical and prison staff members, he names only PrimeCare as a defendant. (*Id*. at 1-4.)

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure mandate dismissal of complaints which fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court accepts "as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom," viewing them in the light most favorable to the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The Court will construe Bond's complaint liberally, as he brings this action pro se. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Smith v. Sch. Dist. of Phila.*, 112 F. Supp. 2d 417, 423 (E.D. Pa. 2000).

The Third Circuit applies a two-part analysis to determine whether claims should survive a Rule 12(b)(6) motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The Court must first separate the factual and legal elements of each claim, accepting well-pleaded

facts as true but disregarding legal conclusions. *See id*. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *See id*. at 211 (citing *Phillips*, 515 F.3d at 234-35). If the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the Court should dismiss the complaint for failure to state a claim. *See Jones v. ABN Amro Mortg. Grp.*, 606 F.3d 119, 123 (3d Cir. 2010).

**III.    DISCUSSION**

PrimeCare urges dismissal on grounds including Bond's failure to exhaust administrative remedies and his reliance on a respondeat superior theory of liability. The Court will dismiss Bond's Complaint because he has not alleged that an official policy or custom caused PrimeCare to violate his civil rights. The Court thus need not address PrimeCare's argument on Bond's alleged failure to exhaust his administrative remedies.

Section 1983 permits plaintiffs to seek relief against persons acting under color of state law who commit civil rights violations. *See, e.g.*, *Rager v. Prison Health Servs., Inc.*, Civ. A. No. 10-594, 2011 WL 1628020, at *2-3 (M.D. Pa. Apr. 28, 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A private healthcare provider servicing a prison may be held liable under § 1983. *See, e.g., West*, 487 U.S. at 53-58; *Johnson v. Stempler*, Civ. A. No. 00-711, 2007 WL 984454, at *4 (E.D. Pa. Mar. 27, 2007). To prevail on an Eighth Amendment claim arising from denial of medical treatment, a prisoner must show that: (1) the alleged deprivation is "objectively, sufficiently serious," and (2) the defendant acted with "deliberate indifference to inmate health or safety." *Thrower v. Alvies*, App. A. No. 10-4311, 2011 WL 1632667, at *2 (3d Cir. May 2, 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

The plaintiff must also allege that a PrimeCare policy or custom was responsible for the harm he suffered. *See Johnson,* 2007 WL 984454, at *4; *see also Neuen v. PrimeCare Med., Inc.*, Civ. A. No. 09-5090, 2011 WL 1104118, at *9 (E.D. Pa. Mar. 24, 2011). A "policy" exists when a decision maker who has "final authority to establish . . . policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990). A "custom" constitutes a course or conduct so permanent or well-settled that it virtually constitutes law. *Id.*

Bond has not alleged facts demonstrating PrimeCare's liability under either standard. He thus fails to link his wait for medical care to any PrimeCare policy or custom. The Court will therefore dismiss Bond's § 1983 claim. *See Rager*, 2011 WL 1628020, at *3-4 (citing *Riddick v. Modeny*, 250 F. App'x 482, 483-84 (3d Cir. 2007)) (granting motion to dismiss where prisoner failed to allege health care provider employees acted pursuant to practice, policy or custom).

## IV.     CONCLUSION

Bond has failed to state a § 1983 claim against PrimeCare. However, the Court will dismiss his Complaint without prejudice because Bond is proceeding pro se. Bond may submit an amended complaint no later than June 6, 2011. An Order consistent with this Memorandum will be docketed separately.