IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN BOND, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PRIMECARE MEDICAL, | : | No. 11-1046 |
| Defendant. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                          **July 27, 2011**

Pro se Plaintiff Kevin Bond, a Berks County Prison inmate, sues Defendants PrimeCare

Medical ("PrimeCare"), John Doe and Jane Doe under 42 U.S.C. § 1983 for failure to provide him

with adequate medical care following a fall in his cell.  PrimeCare's motion to dismiss Bond's

Amended Complaint is presently before the Court.  The Court will grant PrimeCare's motion and

dismiss this case for the reasons stated below.


**I.        BACKGROUND**

In January of 2011, Bond blacked out and hit his head and neck on a toilet in his cell.  (Am.

Compl. ¶ 4.)  Inmates alerted John Doe, a prison guard, who called the medical department of the

prison.  (*Id.* ¶ 5.)  Jane Doe responded to the call and made Bond stand up and walk to the prison day

room to wait for treatment.  (*Id.* ¶¶ 6-7.)  Bond eventually had his blood pressure taken and

subsequently asked to see a doctor.  (*Id.* ¶¶ 7-8.)  His request was denied and John Doe returned

Bond to his cell.  (*Id.* ¶ 8.)

Bond submitted a grievance to the unit supervisor, the treatment department, the warden, and

a Lieutenant Castro, but has not received a response.  (*Id.* ¶ 9.)  He has also submitted a "sick call

slip." (*Id.* ¶ 10.)   The prison medical staff took his blood pressure a second time, but did not

examine his head or neck. (*Id.*)   Bond is taking medication for his head and neck pain. (*Id.* ¶ 11.)

Bond commenced this action on February 11, 2011.   This Court dismissed Bond's initial

Complaint against PrimeCare without prejudice on May 9, 2011.   In his Amended Complaint, Bond

alleges the same injuries he described in his earlier pleading, and also references John Doe and Jane

Doe ("the Doe Defendants").[1]   (*Id.* ¶ 2.)   Bond seeks monetary damages under 42 U.S.C. § 1983.

(*Id.* ¶ 12.)   PrimeCare moved to dismiss Bond's Amended Complaint on June 2, 2011.   Bond has

not responded to PrimeCare's motion.

II.    **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure mandate dismissal of complaints which fail to state a

claim upon which relief can be granted.   Fed. R. Civ. P. 12(b)(6).   The Court accepts as true all of

the complaint's allegations and all reasonable inferences that can be drawn therefrom, viewing them

in the light most favorable to the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d

224, 233 (3d Cir. 2008); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).   The

Court will construe Bond's complaint liberally, as he brings this action pro se. *See Haines v. Kerner*,

404 U.S. 519, 520 (1972); *Smith v. Sch. Dist. of Phila.*, 112 F. Supp. 2d 417, 423 (E.D. Pa. 2000).

The Third Circuit applies a two-part analysis to determine whether claims should survive a

Rule 12(b)(6) motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

The Court must first separate the factual and legal elements of each claim, accepting well-pleaded

---

[1]  It is unclear whether Bond intends to pursue his claims solely against the Doe
Defendants or against the Doe Defendants and PrimeCare. (Am Compl. ¶¶ 2-3.)   In an
abundance of caution, the Court will evaluate his claims against all three potential defendants.

facts as true but disregarding legal conclusions.  *See id*.  Second, the Court must determine whether

the facts alleged in the complaint are sufficient to show a plausible claim for relief.  *See id*. at 211

(citing *Phillips*, 515 F.3d at 234-35).  If the well-pleaded facts "do not permit the court to infer more

than the mere possibility of misconduct," the Court should dismiss the complaint for failure to state

a claim.  *See Jones v. ABN Amro Mortg. Grp.*, 606 F.3d 119, 123 (3d Cir. 2010).

### III.  DISCUSSION

PrimeCare moves for dismissal on three independent grounds.  First, PrimeCare argues that

Bond has not stated a claim under § 1983.  (Mot. to Dismiss Am. Compl. 3.)  Second, PrimeCare

asserts that Bond improperly relies on the theory of respondeat superior.  (*Id*. at 5.)  Third, PrimeCare

avers that Bond failed to exhaust his administrative remedies before suing in federal court.  (*Id*. at

6.)  The Court will dismiss Bond's Amended Complaint as he has not alleged facts sufficient to state

a plausible claim under § 1983, and thus need not address PrimeCare's alternative arguments.

#### A.  Failure to State a Claim Against all Defendants

Section 1983 allows a plaintiff to seek relief against parties acting under the color of state

law who violate the plaintiff's civil rights.  A private health care provider and its employees

servicing a prison may qualify as state actors under § 1983.  *Walker v. Horn*, 385 F.3d 321, 332 n.24

(3d Cir. 2004) (citing *West v. Atkins*, 487 U.S. 42, 54 (1988)).  To make out a plausible claim for

denial of medical care under § 1983, Bond must allege both:  (1) that the deprivations he suffered

were "sufficiently serious" to constitute a constitutional violation; and (2) that Defendants acted with

deliberate indifference to inmate health or safety.  *See Natale v. Camden Cnty. Corr. Facility*, 318

F.3d 575, 582 (3d Cir. 2003).  Deliberate indifference requires more than mere negligence; it is the

equivalent of acting recklessly.  *See Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994).  A defendant

thus acts with deliberate indifference when he "knows of and disregards an excessive risk" to the

plaintiff's health or safety.  *Id.* at 837; *see also Baker v. Williamson*, Civ. A. No. 07-2220, 2009 WL

693177, at *6 (M.D. Pa. Mar. 13, 2009).

Bond has not raised a plausible claim that the deprivation he describes is sufficiently serious

to survive PrimeCare's motion to dismiss.  Bond's pleading states that he is taking pain medication

for his head and back pain.  (Am. Compl. ¶ 11.)  He has not alleged that his injuries require

additional medical treatment.  Although Bond may not be receiving the kind or quality of treatment

that he would prefer, that does not mean that Defendants' actions "rise to the level of a violation of

a constitutionally protected right."  *Ham v. Greer*, 269 F. App'x 149, 151 (3d Cir. 2008).

Furthermore, Bond has not made a plausible claim that Defendants acted with deliberate

indifference.  Bond states that he was seen by the prison medical staff twice and that he is receiving

medication for the pain in his head and back.  Although PrimeCare and the Doe Defendants did not

perform more in-depth examinations of his head and neck, "a medical decision not to order an x-ray,

or like measures, does not represent cruel and unusual punishment."  *Baker*, 2009 WL 693177, at

*6 (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).  His claims thus do not survive

PrimeCare's motion to dismiss.

**B.      Failure to State a Claim Against PrimeCare**

With respect to his claims against PrimeCare, Bond must also allege that a PrimeCare policy

or custom was responsible for the harm he suffered.  *See Neuen v. PrimeCare Med., Inc.*, Civ. A. No.

09-5090, 2011 WL 1104118, at *9 (E.D. Pa. Mar. 24, 2011).  A "policy" exists when a decision

maker who has "final authority to establish . . . policy with respect to the action issues an official

proclamation, policy, or edict." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990).  A "custom" is a course of conduct so permanent or well-settled that it virtually constitutes law. *Id.*

The Court previously dismissed Bond's Complaint without prejudice due to his failure to satisfy this standard.  Bond has again failed to allege that PrimeCare acted pursuant to any policy or custom.  This deficiency in Bond's pleading constitutes a second, independent basis for dismissing his claims against PrimeCare. *See Rager v. Prison Health Servs., Inc.*, Civ. A. No. 10-594, 2011 WL 1628020, at *3-4 (M.D. Pa. Apr. 28, 2011) (citing *Riddick v. Modeny*, 250 F. App'x 482, 483-84 (3d Cir. 2007)) (granting motion to dismiss where prisoner failed to allege health care provider employees acted pursuant to practice, policy or custom).

## IV.     CONCLUSION

Bond has failed to state a claim under § 1983 against either PrimeCare or the Doe Defendants.  The Court will therefore dismiss his lawsuit.  An Order consistent with this Memorandum will be docketed separately.